**In re Robert C. SCHULER & Marilyn E. Schuler, Debtors.**

**Bankruptcy No. 84–01477–C–11.**

United States Bankruptcy Court, W.D. Missouri, C.D.

Sept. 27, 1990.

D. James Mariea, Fulton, Mo., for Callaway Bank.

Gwendolyn Froeschner, Columbia, Mo., for debtors.

MEMORANDUM OPINION

FRANK W. KOGER, Chief Judge.

This case was filed in 1984 and was confirmed June 25, 1985, by The Honorable Frank P. Barker. However, the author is not totally unfamiliar with the case since he has heard motions for relief from stay; contempt; dismissal; conversion; new trial; and stay of execution after becoming a Judge. The Honorable Frank P. Barker's Order of Confirmation set out two provisions that have caused all the action in this Court, post confirmation. First, he provided that the Court retain jurisdiction over the proceeding "pending full compliance by Debtors with the terms of their Plan of Reorganization", and second, that "Discharge of the Debtors is withheld until full consummation of the Plan". On June 27, 1990, debtors filed a Motion To Convert From Chapter 11 to Chapter 7. On July 19, 1990, Callaway Bank filed a Motion To Dismiss Or In The Alternative To Lift Stay. The two motions were heard on August 15, 1990 and the last brief filed on September 4, 1990.

The parties raise two issues. One, should the case be converted or should it be dismissed? Two, if it is converted can the debtors claim farm equipment as tools of the trade, particularly since debtors are not now farming? The parties agree on all other issues and seemingly agree on the following facts.

Debtors filed a Chapter 11 in 1984. Their plan was confirmed as set out above.

Debtors were to make installment payments to Callaway Bank and to render an accounting to the Bank on a quarterly basis. The Bank was to maintain its 4th Deed of Trust on the real estate and its lien on the livestock and farm equipment. In the summer of 1986, the holders of the first Deed of Trust obtained relief from the stay and presumably foreclosed on the real estate. Debtors subsequently sold their livestock but have kept their farm equipment. Debtors now seek to convert to Chapter 7. Callaway Bank seeks to replevin its mortgaged farm equipment. Debtors are not now engaged in farming.

The parties hereto have each advanced practical arguments as to why conversion or dismissal is the proper action to be ordered. Clearly conversion benefits the debtor and dismissal favors the creditor. However, the Court is spared from having to drink from either side of that cup by the simple expedient of following the law. 11 U.S.C. § 1112 is the section that authorizes conversion or dismissal. Going back to the legislative history, both the Senate and House Reports contain the following language concerning § 1112:

"This section brings together all of the conversion and dismissal rules for Chapter 11 cases. Subsection(a) gives the debtor an absolute right to convert a voluntarily commenced chapter 11 case in which the debtor remains in possession to a liquidation case". H.R.Rep. No. 595, 95th Cong., 1st Sess. 405 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 117 (1978).

Collier on Bankruptcy, 15th Edition, § 1112.03, vol. 5, page 1112–10, expands on the legislative history and states:

"Section 1112(a) gives the debtor the absolute right to convert a case under chapter 11 to a liquidation case under chapter 7 at any time without notice or a hearing unless (i) a trustee has been appointed under section 1104, (ii) the chapter 11 case was commenced by the filing of an involuntary chapter 11 petition with respect to which an order for relief was entered under section 303(h), or (iii) the case was converted from chapter 7 or 13 to chapter 11 on the request of a party in interest, other than the debtor, under section 706(b) or section 1307(d)".

Neither Collier nor counsel for the debtor cite any case authority for the proposition so stated. However, neither the counsel for the creditor nor the Court's limited research has turned up any case authority for the converse. Accordingly, the Court determines that the debtors herein may voluntarily convert their Chapter 11 to Chapter 7 and orders same this date. The motion of Callaway Bank to dismiss or alternatively for lift of stay must then be, and hereby is, denied.

Having disposed of the first issue, the Court turns to the second issue, and concludes it does not have sufficient evidence before it to decide same. The Court cannot tell if debtors were farmers at the date they filed. The Court cannot determine what, if any, farm equipment debtors owned. The Court cannot determine what values are involved. The Court will advise counsel that the Court will follow two cases ruled by the 8th Circuit, and will not follow the 10th Circuit if the parties need to litigate the question. (1) The Court will follow *In re LaFond*, 791 F.2d 623 (CA 8, 1986) as to tools of the trade. (2) The Court will not follow *In re Heape*, 886 F.2d 280 (CA 10, 1989) as to tools of the trade. (3) The Court will follow *In re Peterson*, 897 F.2d 935 (CA 8, 1990) as to the timing of exemptions both as to availability and value. With those general guidelines in place, counsel may be able to resolve the balance of the issue without a formal hearing.

Debtors are ORDERED to file new Schedules and Statements of Affairs within twenty (20) days.

The foregoing Memorandum Opinion constitutes Findings of Fact and Conclusions of Law as required under Rule 7052, Rules of Bankruptcy.

SO ORDERED.